# MISSOURI PACIFIC RAILWAY CO. vs. A. A. NICHOLSON.

### IN COURT OF APPEALS, AUSTIN TERM, 1884.

*Liability of Common Carriers—Charge of the Court.* See the opinion *in extenso* for a charge upon the liability of common carrier, held correct in principle and applicable to the pleadings and evidence.

*Practice—Evidence.*—Where the plaintiff has declared upon the common law liability of the common carrier he is entitled to prove such common law liability by any competent evidence, in the absence of any pleading on the part of the defendant, setting up a special contract of shipment. The rule would be otherwise, were the suit founded upon a bill of lading, and the plaintiff would be required to produce such bill or account for its non-production.

*Practice in the Courts.*—Where it appears that an appeal has been presented merely for delay, the judgment will be affirmed with ten per cent damages.

Appeal from Tarrant county.

### STATEMENT.

Appellee, plaintiff below, brought this suit in the county court of Tarrant county, against the defendant company, as a common carrier of live stock, to recover damages on account of the alleged failing to transport 177 head of beef cattle, by defendant, from Denton, Texas, to Chicago, Illinois, within a reasonable time; and, also, failure to furnish proper cars, whereby three head of cattle died in transit, and the balance lost in flesh and deteriorated in value $5.00 per head to his damage, $982.

Defendant answered by general denial and plea of not guilty. Verdict in favor of plaintiff and judgment rendered thereon for $975.

1. Appellant's first assignment of error is, that the court failed to instruct the jury as to the law defining and regulating the liability of common carriers. The court charged the jury as follows: "If the jury believe from the evidence that the defendant company received from the plaintiff the cattle, mentioned in plaintiffs petition, for the purpose of transportation from Denton to Chicago and that the defendant failed to furnish suitable cars for the transportation of said cattle, or failed to transport the same within a reason-

able time, and that by reason of such failure, on the part of defendant, said cattle were injured, then you should find for the plaintiff such amount as you may believe he has been damaged by reason thereof, and the measure of damages would be the difference in value of said cattle at their arrival at Chicago, and their value in Chicago, had they been transported with proper care and in a reasonable time. Unless you find from the evidence that the cattle were delayed by the defendant beyond the usual and ordinary time of shipment, or that said cattle were injured through the negligence of the defendant, in the care and management of the same while in the defendants charge, then you should find for the defendant."

We perceive no error in this charge. It was applicable to the pleadings and the evidence, and is as full and fair as appellant could reasonably demand. It appears that appellant was satisfied with the charge at the time it was given, otherwise additional instructions would doubtless have been requested by him, which does not appear to have been done.

2. This suit was not brought upon a bill of lading, but was founded upon the common law liability of appellant as a common carrier. If the suit had been upon the bill of lading, then it would have been incumbent upon appellee to produce in evidence the bill of lading or account for its non-production. No special contract by bill of lading or otherwise was pleaded by either party, and upon the trial where evidence was introduced by appellee to prove the common law liability of appellant, no objection to such evidence was made, nor would the objection have been tenable, had it been made, because the appellee, having declared upon the common law liability of appellant, was entitled to prove such liability in the absence of any pleading on the part of appellants, setting up a special contract of shipment. If there was any such special contract restricting the common law liability of appellant it was a matter of defence, and could not be made available unless pleaded.

The second and third assignments of error are not well taken.

3. The fourth and last assignment of error is, that the damages are excessive and not supported by the evidence.

We have carefully examined the statement of facts and are of the opinion that the verdict of the jury is one supported by the proof. There are no bills of exceptions in the record to any of the evi-

dence admitted on the trial, and from the evidence admitted the damages sustained by appellee amounted to $975, which was the amount awarded him by the verdict.

We find no error in the judgment, and we are further of the opinion that there was no sufficient cause for this appeal, but that it was taken for delay, and that appellee is entitled to damages for such delay. (Rev. St. Art. 1043, Sayles & Bassetts Prac. § 1152.) We, therefore, affirm the judgment of the court below, adding thereto ten per cent on the amount of the principal of said judgment as damages.

Affirmed with damages.    Sam. A. Willson, Judge Court of Appeals.